RECEIVED

FEB 19 2008
Feb 19 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

In the United States District
Court for the Northern District
Eastern Division

Steven Johnson

Vs.

Elgin Mental Health Center

Raul Almazar Individual Capacity and Official Capacity

Dr. Watrous Individual Capacity and Official Capacity

Dr. Husain Individual Capacity and Official Capacity

Jeff Farris Individual Capacity and Official Capacity

Capacity as State Employees

Case no: _____

08CV1042
JUDGE COAR
MAGISTRATE JUDGE SCHENKIER

## 42 U.S.C. 1983 Northern District Suit

Now comes Steven Johnson, in want of counsel, and submits the 42 U.S.C. 1983 Northern District which gives jurisdiction to this court. The plaintiff invokes Haines v Kerner because he is being denied constitutionally acceptable law library facilities or the constitutionally acceptable alternative method for researching and preparing legal documents. The plaintiff is seeking declaratory relief as well as injunctive relief.

### Count 1: Negligence

1) The plaintiff is a pre-trial detainee at the Elgin Mental Health Center located at 750. S. State street Elgin, Illinois 60123.
2) On the Morning of December 28, 2007, at approximately 7:00 a.m., the plaintiff was sitting in the "day room" in the "F" unit at the facility.
3) The plaintiff was kicked in the head and punched in the head by a fellow patient "Titus Foster".
4) On the evening of December 23, 2007, The attacker "Titus Foster" assaulted two other patients with a plastic pipe which was used to hold up the curtains in his room.

5) Titus's first victim is confined to a wheelchair, and was in his room sleeping when Titus came in and starting beating him.
6) The staff didn't intervene or take any measures to stop Titus while he was beating the fellow detainee.
7) Titus then came out into the "day room" and assaulted an elderly man with the same pipe.
8) There was a staff member in the day room, but she (Debbie) didn't intervene, but instead started yelling at Titus which appeared to only aggravate Titus even more.
9) During the assault on December 23, 2007, the staff during the time didn't attempt to intervene, but watched and yelled while Titus Foster kept hitting a fellow detainee.
10) During the assault on the plaintiff the staff didn't stop or prevent Titus from striking the plaintiff, but waited for Titus to calm down.
11) During both assaults the staff called security, but by the time the security came to the unit Titus was finished with his assault on his own volition.
12) The plaintiff suffered at the hands of the accuser (Titus Foster) who is out of control
13) The patients on the unit have file grievances to the staff and administration, but the staff and administration appears to be deliberately indifferent to the dangerous conditions at the facility.
14) The attacker is still in "F" unit with the three (3) victims.
15) The staff and administration has done nothing to prevent such attacks from happening in the future.
16) The staff, named in this suit, have continuously allowed the patient's rights to be violated.

### Count 2: Denial of Fundamental right of access to the courts

1) Due to the fact that the facility is devoid of a constitutionally acceptable law library or the constitutionally acceptable alternative method for researching and preparing legal documents, the Elgin Mental Health Center is violating the constitutional rights of all the detainees including the plaintiff.

2) Fellow detainees have filed multiple grievances to the administration and staff, but the Elgin Mental Health center and its staff remain deliberately indifferent to the fact that they are violating the detainees fundamental constitutional rights of access to the courts. (See exhibits)

## Concluding Remarks

The plaintiff, Steven Johnson, has suffered at the hands of the named defendants for failure to protect the patient from harm. After the attack, the plaintiff was placed back in "F" unit where his attacker "Titus Foster" is still being detained. The plaintiff asked for a picture to be taken of his bruised head, but the center has failed to do so in an apparent attempt to "play down" the severity of the attack.

The plaintiff states that the defendant's actions, due to their neglect and deliberate indifference, caused the plaintiff to suffer from mental anguish as well as physical anguish.

The plaintiff fears that the Elgin Mental Health center knowingly, willingly, and deliberately maintain unconstitutional conditions so that the patients are unable to redress themselves of the negligence of the administrative and staff.

## **Grounds for Relief**

The plaintiff seeks to be awarded nominal damages for violation of the constitution under the 14th and 8th amendment. Also, plaintiff seeks monetary funds for mental anguish in the amount of $250,000 U.S.D. for both violations.

Respectfully Submitted

Steven Johnson in want of counsel