**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEVEN JOHNSON, ) | |
| ) | No. 08 C 1042 |
| Plaintiff, ) | |
| ) | Honorable David H. Coar |
| ) | Magistrate Judge Schenkier |
| ) | |
| ELGIN MENTAL HEALTH CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT ELGIN MENTAL HEALTH CENTER'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

NOW COMES the defendant, ELGIN MENTAL HEALTH CENTER, by and through its attorney, LISA MADIGAN, Attorney General of Illinois, and submits the following memorandum in support of its Rule 12(b)(6) Motion to Dismiss the Complaint:

### INTRODUCTION

Plaintiff is a pretrial detainee at the Elgin Mental Health Center ("Elgin"). He complains that the staff allowed him to be attacked by another resident and that Elgin lacks a law library or other method for researching and preparing legal documents.

Plaintiff has filed a two-count complaint against several individuals and against Elgin and other unserved defendants, purportedly pursuant to 42 U.S.C. § 1983. He purports to allege claims against defendants for negligence (Count I), and "denial of fundamental right of access to the court"s (Count II), He is seeking both nominal damages and "monetary funds for mental anguish in the amount of $250,000 U.S.D. for both violations." (<u>Complaint</u>, Ground for Relief)[1].

### STANDARD

---

[1] Plaintiff claims to seek declaratory and injunctive relief (Complaint, p. 1), but does not identify any such relief in the body of the complaint.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint, not the factual sufficiency. *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675-76 (7th Cir.2001); see also *Cler v. Illinois Educ. Association*, 423 F.3d 726, 729 (7th Cir.2005) (motion to dismiss challenges complaint's sufficiency).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' " *Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir.2007) (citation omitted). This requirement impose[s] two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests.'... Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court. *Id*. (citations omitted); see also *Killingsworth v. HSBC Bank Nev., N.A., No. 06-1616*, 2007 WL 3307084, at *3 (7th Cir. Nov.9, 2007) (the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do..." (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *McCready v. EBay, Inc.*, 453 F.3d 882, 887 (7th Cir.2006); *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir.2005). In ruling on the motion, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable

inferences from those facts in the plaintiff's favor. *Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 656 (7th Cir.2006); *Moranski v. Gen. Motors Corp*., 433 F.3d 537, 539 (7th Cir.2005); *Albany Bank & Trust Co. v. Exxon Mobil Corp*., 310 F.3d 969, 971 (7th Cir.2002). If the complaint fails to allege an element necessary to obtain relief, dismissal is appropriate. *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.,* 895 F.2d 279, 281 (7th Cir.1989).

On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). For purposes of this motion to dismiss only, plaintiff's well-pleaded allegations are taken as true and are cited to accordingly.

## ARGUMENT

**I.    PLAINTIFF MAY NOT BRING A CLAIM UNDER 42 U.S.C. § 1983 AGAINST A STATE AGENCY**

The Eleventh Amendment well establishes that states are immune from suit for damages. State agencies are treated the same as states. *See Alabama v. Pugh,* 438 U.S. at 781, 781-82 (1978); *Kroll v. Bd. of Trustees of the University of Illinois,* 934 F.2d 904, 907 (7th Cir. 1991) *(citing Gleason v. Board of Educ.,* 792 F.2d 76, 79 (7th Cir.1986)). Indeed, a state agency *is* the state for purposes of the eleventh amendment. *Id*; *Davidson v. Board of Governors.,* 920 F.2d 441, 442 (7th Cir.1990)). The Elgin Mental Health Facility is a state controlled facility (see 30 ILCS 605/7.4) (West 2008) created by and under the jurisdiction of the Illinois Department of Human Services (20 ILCS 1705/4); 20 ILCS 1705/15e (West 2008).

States and state agencies are not "persons" capable of being sued under Section 1983 . *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71. Suits that specifically seek damages from state

officials in their official capacity are also barred by the Eleventh Amendment. *Knox v. McGinnis*, 998 F.2d 1405, 1412 (7th Cir.1992). *Also see Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir.1999) (stating that states and their agencies are not "persons" subject to suit under Section 1983 ) (*citing Arizonans for Official English v. Arizona*, 520 U.S. 43, 68-69 (1997)). In addition, Plaintiff cannot attribute any actions of the individual defendants to Elgin, as it is well established that Section 1983 claims cannot be based solely on a theory of vicarious liability. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir.1992). Since Elgin is controlled by a state agency, this Court should dismiss it as a party to the suit.

### II.    PLAINTIFF MAY NOT BRING A NEGLIGENCE CLAIM UNDER 42 U.S.C. § 1983

This court should dismiss Count I because if fails to state a claim for relief under 42 U.S.C. § 1983. In order to state a cause of action for deliberate indifference, the defendant must actually be aware of a substantial risk of serious harm and fail to take reasonable measures to prevent the harm from occurring. *Farmer v. Brennan*, 511 U.S. 825, 834; *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir.1999). Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir.2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir.1995). The defendant's conduct must be intentional or criminally reckless; even gross negligence is not enough. *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir.2001).

### III.    PLAINTIFF HAS FAILED TO STATE A CLAIM THAT HE WAS DENIED ACCESS TO THE COURTS

Count II fails to state a claim for relief that any defendant denied Plaintiff access to the courts. States have an affirmative obligation to provide persons in their custody, including those involuntarily committed to a mental institution, meaningful access to the courts. *Johnson v. Brelje*, 701 F.2d 1201, 1207 (7th Cir. 1983); *Cornett v. Donovan*, 51 F.3d 894, 897-98 (9th Cir. 1995); Henderson I, 857 F. Supp. at 50; *Hatch v. Yamauchi*, 809 F. Supp. 59, 60 (E.D. Ark. 1992). There is no right to a law library. *Bounds v. Smith*, 430 U.S. 817, 830 (1977). A prisoner claiming a denial of access to the courts must allege how the denial has prejudiced him. *See, e.g., Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003). The fact that Plaintiff managed to bring the present action tends to undermine his claim that he has been denied meaningful access to the courts. *See, e.g., Walters v. Edgar*, 163 F.3d 430, 436 (7th Cir. 1998).

WHEREFORE, based on the foregoing, Defendant ELGIN MENTAL HEALTH CENTER respectfully requests that this Honorable Court grant its motion and dismiss the complaint with prejudice.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

 s/Shirley R. Calloway
SHIRLEY R. CALLOWAY
Assistant Attorney General
Office of the Attorney General
100 W. Randolph Str., 13th Floor
Chicago, Illinois  60601
(312) 814-5581