IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Johnson,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) No. 08 CV 1042 ) |
| **Elgin Mental Health Center,** | ) HONORABLE DAVID H. COAR ) ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Steven Johnson, a pretrial detainee at the Elgin Mental Health Center ("the Elgin Center"), brings an action against Defendant Elgin and four individual defendants pursuant to 42 U.S.C. § 1983, alleging Defendants' failure to protect him from another inmate (Count I) and Defendants' violation of Plaintiff's constitutional right to access the courts resulting from the inadequacy of the law library at the Elgin Center (Count II). Defendants now move to dismiss these claims pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, Defendants' motion to dismiss is **GRANTED** with respect to Defendant Elgin Center on all claims, and with respect to all defendants on Count II, and is **DENIED** with respect to all remaining defendants on Count I.

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim upon which relief can be granted, the district court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. Fed. R. Civ. P. 12(b)(6). The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *Gibson v. City*

1

*of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). A complaint should not be dismissed "unless it appears beyond all doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## ANALYSIS

### 1) Section 1983 Claims Against State Agencies

Defendant Elgin Center argues that this Court should dismiss it as a party to this lawsuit because states, state agencies, and state officials acting in their official capacities are not "persons" capable of being sued under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2007). Both of Plaintiff's causes of action sound under 42 U.S.C. § 1983. The Elgin Center is a state-controlled facility created by and existing under the jurisdiction of the Illinois Department of Human Services. 30 ILCS 605/7.4; 20 ILCS 1705/4; 20 ILCS 1705/15e. Accordingly, Defendant Elgin Center is dismissed as a party to the suit.

### 2) Failure to Protect Claims Pursuant to 42 U.S.C. § 1983

Defendants next argue that Plaintiff failed to plead facts to support a claim under 42 U.S.C. § 1983 for Defendants' alleged failure to protect Plaintiff from a violent inmate at the Elgin Center. "To state a failure to protect claim, a plaintiff-inmate must allege that (1) he is incarcerated under conditions posing a substantial risk of harm and (2) defendant-officials acted with "deliberate indifference" to that risk. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). While Plaintiff's Complaint refers to Defendants' alleged failure to protect him as "negligence," negligence on the part of an official does not violate the Constitution, and it is not enough that the official should have known of a

2

risk. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless. *Id.* Knowledge of a risk can be shown if an official was exposed to information from which the inference could be drawn that a substantial risk exists, and he or she also draws the inference. *Id.*

Here, Plaintiff's Complaint alleges that he was kicked and punched in the head by a fellow inmate, Titus Foster, in the "day room" at the Elgin Center. Compl. ¶ 3. Five days prior to his attack on Plaintiff, Foster had assaulted two other inmates with a plastic pipe, one a person confined to a wheelchair and the other an elderly man who was also assaulted in the "day room." *Id.* at ¶¶ 4, 5, 7. Both prior assaults were allegedly observed but not stopped or prevented by the staff at the Elgin Center. *Id.* at ¶¶ 6, 8-10. This Court finds the facts pleaded in Plaintiff's Complaint sufficient to support a claim for failure to protect under 42 U.S.C. § 1983. In an analogous case, the Seventh Circuit reversed a district court's grant of a motion to dismiss a plaintiff's § 1983 failure to protect claim where the plaintiff alleged that officials at a state detention facility knew of a resident's propensity to attack other inmates but permitted that resident unsupervised access to a day room where the plaintiff and other residents were lounging. *Brown*, 398 F.3d at 915. The plaintiff in that case was not required to show that he had *informed* officials of a specific threat to himself; the "deliberate indifference" prong of the claim could be predicated on the official's knowledge of an assailant's predatory nature. *Id.*

Accordingly, Defendant's motion to dismiss Claim I is DENIED with respect to all remaining defendants.

3) **Access to Courts Claims Pursuant to 42 U.S.C. § 1983**

Defendants argue that that Plaintiff failed to state a claim under 42 U.S.C. § 1983 for allegedly violating Plaintiff's right to access the courts by providing an inadequate law library at the Elgin Center (Count II). The mere denial of access to a prison law library is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoners' conviction, sentence, or conditions of confinement has the right been infringed. *Pratt v. Tarr*, 464 F.3d 730, 732 (7th Cir. 2006). Therefore, to survive a motion to dismiss, the complaint must allege that as a result of the prison's actions, the plaintiff has lost a case or suffered some legal setback. *Id.* Plaintiff has not pleaded any facts that would show that Defendants' actions have prejudiced his claims. With regard to Count II, Plaintiff states only as follows:

> 1) Due to the fact that the facility is devoid of a constitutionally acceptable law library or the constitutionally acceptable alternative method for researching and preparing legal documents, the Elgin Mental Health Center is violating the constitutional rights of all the detainees including the plaintiff.
>
> 2) Fellow detainees have filed multiple grievances to the administration and staff, but the Elgin Mental Health Center and its staff remain deliberately indifferent to the fact that they are violating the detainees [sic] fundamental constitutional rights of access to the courts. (See exhibits.)

Compl. ¶¶ 17, 18. No exhibits were included with the Complaint, and Plaintiff failed to respond to Defendants' motion to dismiss. Accordingly, the bare facts stated in the Complaint are insufficient to state a claim under 42 U.S.C. § 1983 for Defendants' alleged violation of Plaintiff's right to access the courts, and Defendant's motion to dismiss Count II is GRANTED.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED with respect to Defendant Elgin Center on all claims, and with respect to all defendants on Count II, and is DENIED with respect to all remaining defendants on Count I.

Enter:

/s/ David H. Coar

David H. Coar

United States District Judge

**Dated:** November 12, 2008